IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARIELLE TREY SMITH, | ) |
| Petitioner, | ) ) ) |
| v. | ) )  Case No. CIV-22-1059-D |
| STEVEN HARPE, | ) ) ) |
| Respondent. | ) ) |

**ORDER**

Petitioner, Marielle Trey Smith, petitioned this Court for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 1]. Petitioner is a state prisoner represented by counsel Debra K. Hampton. Respondent Steven Harpe filed a response [Doc. No. 13]. The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C).

On July 27, 2023, the magistrate judge issued a Report and Recommendation [Doc. No. 16], in which he recommended that Petitioner's petition be denied. Petitioner filed a timely objection [Doc. No. 17], to which Respondent filed a response [Doc. No. 18]. Thus, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

Petitioner challenges his conviction in the District Court of Jackson County, Oklahoma, Case No. CF-2017-184, for the first-degree felony murder of Jared Holmes.

1

After a jury trial, Petitioner was convicted of first-degree felony murder with the underlying felony of robbery with a dangerous weapon.

In Petitioner's objection, he rehashes many of his arguments on direct appeal but fails to make specific objections to most of the magistrate judge's thorough conclusions. For example, with respect to Petitioner's argument that there was insufficient evidence to support his conviction, Petitioner merely states that he "objects to the magistrate[] [judge's] determination that his trial was not fundamentally unfair." [Doc. No. 17 at 2]. This type of blanket objection, without argument or authorities, is not sufficient to preserve an issue for further review. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); *see also Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review."). Accordingly, the Court finds that Petitioner has waived his right to further review of the magistrate's determinations for Grounds One, Two, Six, Seven, and Eight.

Where Petitioner's objections are more specific, he presents no persuasive argument or authority that would cause this Court to reject the magistrate judge's conclusions.

## I.     Ground Three

Petitioner objects to the magistrate judge's determination of Ground Three, in which Petitioner argued that certain statements from Melisha Torres – that Petitioner had confessed to murdering Mr. Holmes and threatened her life if she told anyone – were

inadmissible hearsay. Petitioner argued that the trial court's admission of the hearsay statements as co-conspirator non-hearsay violated his Sixth Amendment right of Confrontation and his Fourteenth Amendment right to Due Process.

On direct appeal, the OCCA agreed that Ms. Torres' statements made the day after Mr. Holmes' murder were made after the conspiracy to distribute drugs had ended and that the trial court erred in admitting the statements as co-conspirator non-hearsay. However, the OCCA concluded that the errors were harmless under *Chapman v. California*, 386 U.S. 18, 24 (1967). [Doc. No. 13-1 at 17-18].

In the Report and Recommendation, the magistrate judge correctly noted that courts engaging in collateral review utilize the *Brecht* test for harmlessness determinations, under which test courts analyze whether the error had a "substantial and injurious effect or influence in determining the jury's verdict." *See* R&R at 23 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). The magistrate judge concluded that the OCCA properly applied *Chapman* in finding that the admission of Ms. Torres' statements was harmless, especially considering the fact that Petitioner admitted to killing Mr. Holmes and disposing of his body. [Trial TR. Vol. V at 141-47]. The magistrate judge also referenced properly admitted testimony from Detective Tommy Uptergrove that Ms. Torres told him that Petitioner stated he and a female "stripped and robbed and bound [Mr.] Holmes" and "disposed of the body in a creek so that it would wash away." *See* R&R at 25. Ultimately, the magistrate judge concluded that, given the foregoing testimony and Petitioner's own admission, the OCCA reasonably determined that any error in admitting the statements from Ms. Torres was harmless.

The Court agrees with the magistrate judge's conclusion. In his objection, Petitioner focuses on whether an error occurred and does not provide arguments or authorities which would cause the Court to find that the OCCA's harmlessness determination was unreasonable.

II.     **Ground Four**

For Ground Four, the magistrate judge correctly decided that a *de novo* review was required since the OCCA had failed to treat Petitioner's arguments related to the admission of Detective Colby Earls' testimony as a constitutional claim for violation of Due Process. *See* R&R at 27. The testimony at issue was Detective Earls' opinion that Petitioner's actions in burning evidence, cleaning the crime scene, and disposing of Mr. Holmes' body were inconsistent with innocence. [Trial TR. Vol. V at 108-09, 113]. Detective Earls' testimony was later referenced by the prosecutor in closing arguments. [Trial TR. Vol. V at 288-89, 295, 308].

Upon conducting a *de novo* review, the magistrate judge concluded that the admission of Detective Earls' testimony did not render Petitioner's trial fundamentally unfair and no Due Process violation occurred. The magistrate judge found the subject testimony duplicative of Petitioner's own testimony at trial, after the prosecutor asked Petitioner: "In fact, there's nothing consistent, Mr. Smith, with what you did after you killed [Mr. Holmes] that's consistent with innocence, is there?" Petitioner answered, "[n]ot on my part, no, sir." [Trial TR. Vol. V at 179]. Petitioner further testified that he burned items; put clothes over his clothes to prevent evidence from being left behind; and destroyed his car to evade authorities. [Trial TR. Vol. V at 180-81, 189].

4

The Court agrees that Petitioner's trial testimony is essentially duplicative of Detective Earls' opinion that Petitioner acted inconsistently with an innocent man's behavior. Thus, the trial court's admission of Detective Earl's opinion did not render Petitioner's trial fundamentally unfair. The Court finds that Petitioner's objection related to the fact that "[Petitioner] did not admit that this was malice murder or that he wanted to rob the alleged victim" is irrelevant to the magistrate judge's conclusions for Ground Four.

### III.   Ground Five

In Ground Five of his petition, Petitioner argued that the trial court erred by failing to identify Ryan Fields as Petitioner's accomplice and instruct the jury accordingly. In reviewing Petitioner's direct appeal brief, the magistrate judge correctly found that Petitioner never mentioned the Fourteenth Amendment or Due Process Clause, or gave any indication whatsoever that he attempted to raise a constitutional claim on direct appeal. *See* R&R at 32. The magistrate judge added that Petitioner's argument related to Ms. Fields' status as Petitioner's accomplice was based solely on state law, "with references to only Oklahoma statutes and case law." *Id.* Because "the passing reference to denial of a 'fair trial' is not sufficient" to give the OCCA notice of a federal constitutional claim, the magistrate judge concluded that Petitioner's constitutional claim is unexhausted and subject to an anticipatory procedural bar to habeas review. *Id.* at 32-33; *see also Adair v. El Habti*, Case No. CIV-22-231-R, 2023 WL 2731051, at *2 (W.D. Okla. Mar. 30, 2023); *Grant v. Royal*, 886 F.3d 874, 901 (10th Cir. 2018) ("[I]f Mr. Grant attempted to pursue this procedural competency claim in state court, that court would deem the claim

procedurally barred under Oklahoma law because Mr. Grant could have raised it on direct appeal.").

In his objection, Petitioner fails to provide any legal authority in support of his argument that Petitioner's references to a right to a "fair trial" on direct appeal were sufficient to give the OCCA notice that Petitioner was attempting to assert a federal constitutional claim. Accordingly, the Court fully agrees with and adopts the magistrate judge's thorough conclusions as to Ground Five.

## IV.   Conclusion

The Court has reviewed the entirety of the Report and Recommendation, as well as the case record, and fully concurs in the Report and Recommendation. Therefore, the Court, having conducted a *de novo* review, finds that Petitioner's objection should be overruled, and hereby **ADOPTS** the Report and Recommendation [Doc. No. 16] in its entirety.

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is **DENIED**. A separate judgment shall be entered.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**.

**IT IS SO ORDERED** this 13th day of September, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge